[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ORDER
The defendant's request for an independent medical examination, pursuant to Section 229 of the Connecticut Practice Book, is hereby granted on the condition that within two weeks of the issuance of this ORDER, the defendant duly serve upon the plaintiff, through her counsel, an amended request for such examination, duly CT Page 3613 specifying therein the time, place, manner, conditions and scope of the intended examination and the person or persons by whom it is to be made. Upon receipt of said amended request, if any, the plaintiff may duly object to any of the conditions or procedures detailed therein in the manner allowed by law, and the Court will promptly docket and hear argument on such objections, if any, at its earliest convenience in order that the requested examination, appropriately limited in scope, may be conducted expeditiously.
In support of this ORDER, the Court makes the following findings of fact and conclusions of law:
1. Under Practice Book 229, "any party adverse to the plaintiff [in an action to recover damages for personal injuries] may file and serve . . . a request that the plaintiff submit to a physical or mental examination at the expense of the requesting party. "Such request," it is further provided, "shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made." Id.
2. Though the rule does not require that such request be supported by a particularized showing of good cause, it specifically allows the plaintiff to object to the request in writing within ten days of receiving it and to have her objections duly heard and ruled on by the Court.
In the ruling on such an objection, the Court is empowered to "make such order as is just in connection with the request." Id.
3. So drafted, the rule presumes that any adverse party to the plaintiff in a personal injury action has the unqualified right to have the plaintiff submit to some form of mental examination whenever the plaintiff has sued that party for money damages in connection with that injury. It also presumes, however, that the Court has the power to control the time, place, manner, conditions and scope of the examination, as well as the person or persons by whom it is to be made, as law and justice require in view of the special facts of the case at hand. CT Page 3614
4. In the instant case, the defendant has presented substantial evidence in support of its claim that a mental examination of the plaintiff should be conducted. Though, to reiterate, no such showing was necessary because the party sought to be examined is a plaintiff seeking damages in a personal injury case, the showing made to date clearly demonstrates that the instant request was made for good and sufficient cause, that is, to aid in the preparation of a potentially viable defense, not to vex, annoy or harass the plaintiff.
5. Even so, since the scope of the intended examination, the conditions under which it is to be conducted, and other matters potentially important to balancing the defendant's legitimate need for relevant information against the plaintiff's legitimate interest in preserving her privacy have not been specified in the defendant's request, neither the plaintiff nor the Court has enough information to determine what limitations might be appropriate or what "order[s might be] just in connection with that request."
6. Therefore, to protect the plaintiff's legitimate interests while preserving the defendant's right to pursue an appropriately limited examination, the Court has issued the foregoing ORDER, placing the onus initially on the defendant to specify precisely what it requests in order that the plaintiff may appropriately respond to that request and the Court may do justice between them.
SO ORDERED this 12th day of April, 1994.
Michael R. Sheldon, J.